## IN RE: ESTATE OF VICTOR HAMMER, Deceased
### Case No. 85-2705 CP
Fifteenth Judicial Circuit, Palm Beach County
January 28, 1986

## OPINION OF THE COURT

EDWARD RODGERS, Circuit Judge.

THIS MATTER came before the Court on the claimant-Armand Hammer's Motion to Extend the Time within which he is permitted to file a written notice of civil action on his claim. The claimant timely filed a civil action on his claim against the Administrator ad Litem of the Estate. F. S. 733.705(3) requires that the claimant is limited to a period of thirty days from the date of service of an objection within which to bring an independent action upon the claim and *within which to file written notice of such action in the estate proceeding.* In the instant case, the independent action was timely filed, however, the notice was not timely filed, and it is this notice which the claimant seeks to have an extension of time nunc pro tunc.

Several cases were presented to the Court, and the Court heard argument from the lawyers relating to cases involving similar facts. The

case most on point seems to be *Golden v Atlantic National Bank of Jacksonville,* 10 Florida Law Weekly, 2644, December 6, 1985. In that case, the complainant had filed his complaint in Circuit Court alleging that the estate owed him a certain amount of money, however, he failed to file a Notice of Action in the estate proceeding. He sought to have the time extended to file the Notice and the trial judge dismissed his complaint. It appears, from that case, that the judge has discretion to determine if time limitations should be extended, however, even then *good cause must be shown.* In this case involving the Estate of Victor Hammer, there were no allegations or evidence to provide a basis for good cause to extend, nunc pro tunc, the time for filing the notice of the independent action upon the claim. In fact, no cause whatsoever was argued and the Court was simply advised that they should not be prohibited from proceeding with their claims because no prejudice could result to the estate by the nunc pro tunc extension of time.

As stated in the *Golden* case, the time limitations prescribed by § 744.705(3) for the filing of Objections to Claims against the estate and for the filing of an appropriate action or suit upon any such claims operate merely as rules of judicial procedure and not as a statute of non-claim. Therefore, the Court, having discretion in the matter, proceeded to examine whether or not the trial judge acted improperly in light of the claimant's allegations as grounds for the extension of time. When faced with the same test, in this case, as to whether or not there were sufficient grounds for the extension of time, the Court finds that not only were there insufficient grounds, there were in fact no grounds offered or alleged. It is thereupon,

ORDERED AND ADJUDGED that the Petition for the Extension of Time Nunc Pro Tunc to file the claimant's Notice of Claim is denied.

ORDERED this 28th day of January, 1986, at West Palm Beach, Palm Beach County, Florida.